UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-11-168-2 |
| | § | |
| CALVIN ANTHONY WATSON | § | |

**ORDER DENYING DEFENDANT'S**
**MOTION TO APPOINT NEW COUNSEL**

Pending is defendant Calvin Anthony Watson's motion requesting that the Court appoint him new counsel on appeal and terminate his current counsel's representation. (D.E. 57). Defendant's motion is denied.

**I.     Background.**

Defendant was arrested on January 24, 2011, and the next day, he was appointed counsel, Jason Conrad Wolf. (D.E. 6). On February 17, 2011, defendant was charged in a four count indictment with conspiring with Kathryn Yvette Covin to possess with intent to distribute less than 50 kilograms of marijuana (count 1); possession with intent to distribute less than 50 kilograms of marijuana (count 2); and illegal re-entry of an alien (count 4). (D.E. 18).

Pursuant to a plea agreement (D.E. 29), on March 28, 2011, defendant pled guilty to count 4, illegal re-entry of an alien, in violation of 8 U.S.C. §§ 202(3), 202(4) and 557. (D.E. 26).

On June 9, 2011, the Court sentenced defendant to 110 months in the custody of the Bureau of Prisons, 3 years supervised release, no fine, and a $100.00 special assessment. (D.E. 44).

On June 14, 2011, defendant filed a notice of appeal. (D.E. 46). On that same day, defendant's counsel, Jason Conrad Wolf, filed a motion to withdraw as attorney. (D.E. 47). Mr.

Wolf related that defendant was not satisfied with his representation and that defendant intended to argue ineffective assistance of counsel as a ground of appeal.  Id.   The Court denied the motion to withdraw and appointed Mr. Wolf to represent defendant on appeal.  (D.E. 53).

On July 8, 2011, defendant filed the instant motion to appoint new counsel.  (D.E. 57).

**II.   Motion for new counsel.**

In his motion to appoint new counsel to represent him on appeal, defendant relates that he has a communication problem with Mr. Wolf because he "cannot reach counsel on the phone." (D.E. 57).  He claims that  Mr. Wolf will not accept his calls or return the calls of his family members.  He states also that Mr. Wolf does not have defendant's "best interest at heart."  Id.

**III.   Discussion.**

Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court.  See United States v. Williams, 2011 WL 1134181 (S.D. Tex., Mar. 24, 2011) (unpublished).  In the Fifth Circuit, the preferred course o f action is for appointed trial counsel to continue representation on appeal, and if the attorney seeks to withdraw, that he or she first file an Anders brief to support defendant's appeal to the best of his ability.  United States v. Wagner, 158 F.3d 901, 902 (5th Cir. 1998).  And see United States v. Garland, 632 F.3d 877 (5th Cir. 2011) (noting that the Fifth Circuit's web site provides a detailed checklist and outline for Anders briefs for guilty pleas, and that following this checklist will facilitate an attorney's subsequent motion to withdraw).

For these reasons, defendant's motion to appoint new counsel (D.E. 57) is denied.

SIGNED and ORDERED this 11th day of July, 2011.

_____
Janis Graham Jack
Senior United States District Judge