UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-168-2 |
| | § | |
| CALVIN ANTHONY WATSON | § | |

## MEMORANDUM AND RECOMMENDATION
## TO FIND APPEAL TIMELY FILED

This matter is before the Court on remand from the Fifth Circuit Court of Appeals to determine the timeliness of Calvin Anthony Watson's notice of appeal. His notice is timely if he placed it in the prison mail on or before March 18, 2013. D.E. 121. The district court referred the matter to the undersigned to conduct a hearing and make a recommendation.

Calvin Anthony Watson filed a letter motion received by the Clerk on August 25, 2013, in which he advised the Court that his notice of appeal and motion for certificate of appealability was filed timely and was apparently lost. He attached copies of supporting documents. D.E. 116. Watson's letter was apparently prompted by a postcard from the Fifth Circuit Court of Appeals in response to his letter. The Fifth Circuit advised him that "We received your letter dated 8/18/13. We will not return your letter. You must send your document to the Clerk of the U.S. District Court. (Request for copy of docket sheet-there is no appeal pending in this Court.)" Watson's letter was treated as a notice of appeal. D.E. 116.

The Clerk received another letter motion on November 12, 2013, in which Watson sought the status of his appeal. D.E. 120. He attached copies of documents that purported to be a notice of appeal mailed to the Fifth Circuit Court of Appeals in February 2013 and a request for a certificate of appealability that purported to be mailed to the Fifth Circuit Court of Appeals on March 18, 2013. D.E. 120-1.

A telephone hearing was conducted on December 31, 2013, with Watson and an AUSA on the telephone. Watson was sworn. ERO Dec. 31, 2013, at 10:15:13 a.m. He testified that his notice of appeal dated February 8, 2013, was deposited with the prison officials the next day, on February 9, 2013. Id. at 10:17:56 a.m. He further testified that his motion for certificate of appealability dated March 14, 2013, was sent Certified Mail, Return Receipt Requested (CMRRR) and that the copy of the CMRRR attached to his documents was the receipt for his motion for a Certificate of Appealability. Id. at 10:16:52 a.m.

The copy of Watson's motion for certificate of appealability (D.E. 120-1, p. 8) appears to have a sticker attached to the front of the letter bearing the number 7011 0470 003 7802 4974. The letter states that Watson turned the correspondence over to prison officials on March 14, 2013. The CMRRR receipt bearing number 7011 0470 003 7802 4974 and addressed to "USCA 5th Circuit, 600 S. Maestri Place, New Orleans La 70130," is date stamped March 18, 2013, Big Spring, Texas 79720 USPS. The return receipt copy is partially cut off, but bears an illegible signature, is undated, and shows a partial (handwritten) number, 0 0003 7802 4974. Watson supplemented his filing, after the hearing, with copies of both sides of his CMRRR. The front shows that it is addressed to

him at Big Springs, Texas. D.E. 125. The reverse side shows the illegible signature and the handwritten number in full, 7011 0470 0003 7802 4974. Id.

During the hearing, the AUSA requested time to inquire at the Big Springs prison facility regarding the existence of prisoner mail logs to support or contradict Watson's testimony. The Court received the government's report on January 8, 2013. D.E. 124. The status report repeated the text of an email exchange with a senior attorney at the Bureau of Prisons and his response. The response advised that no CMRRR mailings were made by Watson between 1/15/2013, and 09/13/2013. No affidavit was filed, and no request for time to produce copies of the log and/or an affidavit was filed. The government's report does not constitute evidence.

The only evidence before the Court is Watson's testimony authenticating the supporting documents he filed with the Court and stating that he placed both his notice of appeal and his motion for a certificate of appealability in the prison mail on February 9, 2013, and on March 14, 2013, respectively. The government's unsworn recitation of a prison official's investigation of the prison mail logs does not constitute evidence. See United States v. Anthony, 111 Fed. App'x. 261, 262 (5th Cir., Oct. 1, 2004) (per curiam) (designated unpublished) (certificate of mailing in compliance with 28 U.S.C. § 1746 sufficient to support timely filing of motion to vacate); see also Sturges v. Quarterman, 2007 WL 1574295 at *1 (S.D. Tex., May 24, 2007) (affidavit by Mailroom Supervisor in similar proceeding).

It is respectfully recommended that the Court find that Watson placed his notice of appeal in the prison mail on or before March 18, 2013, and that Watson's notice of appeal be considered timely filed in compliance with Rule 4(c)(1).

Respectfully submitted this 8th day of January, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).